1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     RONISHA SHARDE GAINES,                    Case No.  24-cv-01280-TSH

8                  Plaintiff,

9          v.                                   **ORDER DENYING MOTION TO SEAL**

10    STATE OF CALIFORNIA,                       Re: Dkt. No. 12

11                  Defendant.

12

13           Plaintiff Ronisha Gaines has filed two documents that appear to be identical versions of

14    her amended complaint.  ECF Nos. 11, 12.  However, she efiled ECF No. 11 as an "Amended

15    Complaint" and ECF No. 12 as a "First Administrative Motion to File Under Seal."

16           If Plaintiff seeks to file her amended complaint (or any other document) under seal, she

17    must comply with Civil Local Rule 79-5, which sets forth the requirements for any motion to seal.

18    Rule 79-5 states that "[t]he public has a right of access to the Court's files" and Plaintiff "must

19    explore all reasonable alternatives to filing documents under seal, minimize the number of

20    documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to

21    merely redacting the truly sensitive information in a document)."  Civ. L.R. 79-5(a).  This is

22    because "[h]istorically, courts have recognized a 'general right to inspect and copy public records

23    and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of

24    Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

25    U.S. 589, 597 & n.7 (1978)).

26           The Court must apply a "compelling reasons" standard when considering a motion to seal

27    a complaint.  *See, e.g., Pardi v. Tricida, Inc.*, 2024 WL 818364, *2 (N.D. Cal. Feb. 27, 2024)

28    ("Because the complaint is the pleading on which this action is based, the Court applies the

United States District Court
Northern District of California

'compelling reasons' standard to this motion to seal."). Under this standard, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, Plaintiff must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (quotation omitted). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

Here, Plaintiff has not complied with Civil Local Rule 79-5 and has not otherwise shown that compelling reasons exist to seal her amended complaint. Accordingly, the motion is **DENIED WITHOUT PREJUDICE**.

The Court reminds Plaintiff that she may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: May 28, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2