UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RONISHA SHARDE GAINES, | Case No. 24-cv-01280-TSH |
| Plaintiff, | |
| v. | **SECOND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)** |
| STATE OF CALIFORNIA, | |
| Defendant. | |

## I.    INTRODUCTION

On March 15, 2024, the Court granted Plaintiff Ronisha Sharde Gaines's application to proceed in forma pauperis and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e).  ECF No. 5.  Plaintiff has now filed a First Amended Complaint.  ECF No. 11.  A second amended complaint has also been filed.  Sec. Amended Compl., ECF 14.  Since the first amended complaint has already been replaced, the Court will address the second amended complaint.  For the reasons stated below, the Court finds the second amended complaint is still deficient.  No later than October 3, 2024, Plaintiff must file a third amended complaint curing the deficiencies identified in this screening order.  If Plaintiff fails to cure these deficiencies, the case will be reassigned to a district judge with a recommendation for dismissal.

## II.    BACKGROUND

Plaintiff was instructed in the first screening order to remedy the lack of federal subject matter jurisdiction, the failure to state a claim under Federal Rule of Civil Procedure 8, the immunity of some defendants, and the frivolousness of many of the allegations in the complaint.

United States District Court
Northern District of California

The Court informed the Plaintiff that individuals cannot bring claims under criminal statutes and that the State of California has immunity.  The Plaintiff was also instructed to remedy the claims to ensure they are attached to a defendant.  In the first amended complaint, the Plaintiff brings this case against more than 20 defendants.  Amended Compl., ECF No. 11 at 6-9.  Her second amended complaint is almost identical to the first.  Sec. Amended Compl., ECF No. 14, at 1-4.  The only change is the removal of some handwritten notes on the fifth and seventh pages of the complaint.  *Id*. at 5 and 7; *see also* Amended Compl. at 5 and 7.  While unclear from the pleadings, the Plaintiff appears to allege that the Attorney General and Contra Costa County have ignored her after she filed a consumer complaint because her identity was stolen.  Plaintiff includes a variety of allegations, such as tax fraud, mail fraud, discrimination, harassment, identity theft, and falsified medical records.  Plaintiff now seeks $500,000 in personal injury damages for herself and her son.

### III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff."  *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt."  *Id*. (cleaned

United States District Court
Northern District of California

1    up).  However, the Court "may not supply essential elements of the claim that were not initially

2    pled."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

3           A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

4    complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

5    to relief."  Fed. R. Civ. P. 8(a)(2).  The failure to comply with Rule 8 is a basis for dismissal that is

6    not dependent on whether the complaint is without merit.  *McHenry v. Renne*, 84 F.3d 1172, 1179

7    (9th Cir. 1996).  Accordingly, even claims which are not on their face subject to dismissal under

8    Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  *Id.*

9    **B.     Application**

10          1.     **Jurisdiction**

11          Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of

12   Am.*, 511 U.S. 375, 377 (1994).  As such, they "have an independent obligation to ensure that they

13   do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S.

14   428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that

15   courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").

16   Federal courts are presumptively without jurisdiction over civil cases and the burden of

17   establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377.

18          There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction

19   under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has

20   federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of

21   the United States."  *Id.* at § 1331.  A cause of action "arises under federal law only when the

22   plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891

23   F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in

24   controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or

25   citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332.

26          Here, there is no diversity jurisdiction.  Plaintiff has not made clear which state she resides

27   in.  Her complaint lists defendants that reside in the state of California but does not clarify which

28   state she is a resident of or is her place of domicile.  *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th

United States District Court
Northern District of California

Cir. 1974).  Since it is unclear which state the Plaintiff is a resident of, the Court cannot find diversity jurisdiction.

However, Plaintiff alleges federal question jurisdiction under the federal RICO statute, 18 U.S.C. 1961.  There is a federal cause of action to enforce RICO, 18 U.S.C. 1964, and that is Plaintiff's first claim for relief, so there is federal jurisdiction over this case.  Plaintiff brings an additional claim under a criminal statute for obstruction, 18 U.S.C. 73,[1] to assert federal question jurisdiction.  As discussed in the first screening order, private individuals do not have standing to assert claims for relief through criminal statutes.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, an individual cannot file "criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu: Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017)).  Since the Plaintiff lacks standing to bring criminal charges, claims brought under the criminal statute must be dismissed without leave to amend.  *See Candy-Anh-Thu: Tran*, 2017 WL 6513414, at *2 (Federal Rule of Civil Procedure 12(b)(1) requires that complaints alleging criminal charges must be dismissed without leave to amend).  If the Plaintiff believes any defendants were involved in criminal conduct, she must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

Accordingly, there is federal subject matter jurisdiction over Plaintiff's second amended complaint.

## 2.   **18 U.S.C. §1961 (RICO)**

On the merits, Plaintiff's civil RICO claim is deficient.  For the Plaintiff to allege a civil RICO claim, the elements of 18 U.S.C. §1964(c) must be satisfied: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property.'" *Abcarian v. Levine*, 972 F.3d 1019, 1028 (9th Cir. 2020) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).  The RICO statute prohibits

---

[1] This is a reference to chapter 73 of title 18.

four kinds of activities: "(1) investing in, (2) acquiring, or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity or collection of an unlawful debt, or (4) conspiring to commit any of the first three types of activity."  Ninth Circuit Manual of Model Civil Jury Instructions § 8 (2019); *see also* 18 U.S.C. §1962(a)-(d).

Plaintiff does not adequately allege the existence of an enterprise.  18 U.S.C. § 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  An enterprise is proven by an "ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."  *United States v. Turkette*, 452 U.S. 576, 583 (1981). The Plaintiff must provide factual allegations that make it plausible there was an enterprise. *Twombly*, 550 U.S. at 555-57.  These facts cannot be conclusory.  *Iqbal*, 556 U.S. at 680.

While the Plaintiff lists multiple bad acts by multiple Defendants, the complaint fails to provide allegations that the Defendants are functioning as a continuous unit.  Plaintiff lists Kaiser Permanente, Fed-Ex, WCCUSD, Contra Costa County DA, and others as Defendants; however, no facts are provided that link the alleged conduct together under RICO.  Sec. Amended Compl. at 5. Further, the conduct alleged by each Defendant does not appear to be related to one another.  The falsified medical documents, discrimination, ignored Google complaint, and mail theft do not have any facts provided that make it plausible the Defendants are functioning as a continuous unit. These claims lack sufficient facts to demonstrate any organized conduct.  Additionally, when the underlying wrongful conduct is listed, it is either conclusory or lacks sufficient facts to take the claim from possible to plausible.  *Twombly*, 550 U.S. at 555-57; *see also* Sec. Amended Compl. at 4-6.  For example, the claim against Kaiser Permanente simply lists "Falsified Medical Records," the claim against Sylvester Greenwood states "Personal Injury," and the claim against Meta simply says "Discrimination-Personal Injury."  Sec. Amended Compl. at 5.  The facts alleged are insufficient to demonstrate a plausible enterprise.  Therefore, the second element of a RICO claim is not satisfied.

For the third element, the Plaintiff must establish a pattern of racketeering activity.  Pattern is defined as "at least two acts of racketeering activity" that occur within ten years of each other.

United States District Court
Northern District of California

5

18 U.S.C. §1961(5).  Two predicate acts are necessary for finding a violation, but alone may be insufficient.  *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989) ("'proof of two acts of racketeering activity, without more, does not establish a pattern.'") (quoting 116 Cong. Rec. 18940 (1970)).  A pattern is established by a combination of continuity plus relationship.  *Id.* at 239 (quoting 116 Cong. Rec., at 18940); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992).  For the conduct to be related, it must "embrac[e] criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."  *H.J., Inc.*, 492 U.S. at 240.  In the amended complaint, the claims, varying from ignored emails to tax fraud, are not related to one another.  Identity theft, unread emails, tax fraud, changed emergency contacts, and mail fraud are not related predicate acts that would indicate conduct that embraces criminal acts with a similar purpose.  Since the acts are unrelated, the third element is not satisfied.

Accordingly, because the Plaintiff has failed to satisfy the second and third elements of Civil RICO, her claim under 18 U.S.C. § 1961 fails on the merits.

### 3. **Immunity**

It is likely that Plaintiff's RICO claim is barred by the Eleventh Amendment against some of the Defendants.  Plaintiff has named the State of California and the Franchise Tax Board as Defendants.  Sec. Amended Compl. at 1-2.  States are given sovereign immunity under the Eleventh Amendment that, when invoked, bars adjudication of a dispute in federal court.  *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000); *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (federal courts are barred from deciding virtually any case where a state is a defendant by the Eleventh Amendment).  The Eleventh Amendment protects States from suits brought by citizens in federal court.  *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), *amended by* 271 F.3d 910.  Therefore, Plaintiff is barred "by the Eleventh Amendment from suing the State of California in federal court."  *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013).

### 4. **Rule 8**

The complaint does not comply with Federal Rule of Civil Procedure 8.  Rule 8(a)(2) of

United States District Court
Northern District of California

6

1  the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain

2  statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1) states that each of

3  the Plaintiff's allegations must be "simple, concise, and direct."  *See McHenry v. Renne*, 84 F.3d

4  1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix,

5  replete with redundancy, and largely irrelevant").  Complaints that do not comply with Rule 8 are

6  subject to dismissal regardless of whether the complaint is meritless.  *McHenry*, 84 F.3d at  1179.

7          To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is

8  "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief."  *Twombly*, 550 U.S.

9  at 555 (internal citations and quotations omitted).  A plaintiff must do more than assert "labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*

11  Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is

12  plausible on its face."  *Id.* at 570; *see also Coleman v. Beard*, 2015 WL 395662, at *4 (N.D. Cal.

13  Jan. 29, 2015) ("While the federal rules require brevity in pleading, a complaint nevertheless must

14  be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it

15  rests.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

16          Here, Plaintiff makes many allegations that have no facts attached, and many of the

17  allegations are conclusory.  Sec. Amended Compl. at 3-6.  This is true for the discrimination,

18  identity theft, tax fraud, mail fraud, and mail theft allegations, where Plaintiff alleges the conduct

19  occurred without factual support.  Plaintiff claims that her work was stolen by Contra Costa

20  College and provides "Russia Correlation" to support the claim, a conclusory statement that fails

21  to provide facts that makes the claim plausible.  Sec. Amended Compl. at 4.  Additionally, the

22  claims against Meta and WCCUSD are listed simply as "Discrimination," "Personal Injury," and

23  "Discrimination and harassment – Personal and Financial Injury," with no facts or any

24  clarification of what the discriminatory conduct or injury was that Plaintiff suffered.  *Id*. at 5.

25  Plaintiff's providing no facts or information beyond "Discrimination" or "Discrimination and

26  harassment" is conclusory and insufficient to make the claims against WCCUSD and Meta

27  plausible.  *Twombly*, 550 U.S. at 570.  Altogether, the Plaintiff's second amended complaint has

28  failed to provide sufficient factual allegations that take the claim from conceivable to plausible.

Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including dates, the names of people involved, and what those people did to you; and (3) how you were harmed.

5.   **Rule 9**

When alleging a claim regarding fraud, Federal Rule of Civil Procedure 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake." Fraud is properly plead by "specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). To comply with Rule 9(b), the fraud allegations must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)). This serves to give defendants specific notice and "'deter the filing of complaints as a pretext for discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court'" and society the social and economic costs absent a factual basis. *Bly-Magee*, 236 F.3d at 1018 (quoting *In re Stac Elec. Sec. Litig*., 89 F.3d 1399, 1405 (9th Cir. 1996)).

In the second amended complaint, the Plaintiff alleges both tax fraud and mail fraud. The claim of tax fraud is made with no clear Defendant and no facts to establish conduct that would support a fraud claim. Sec. Amended Compl. at 3. The mail fraud against USPS states only that the mail was rerouted and that important notices have been missed. *Id*. at 6. These two claims are vague and only allege fraud with no further explanation. It is not clear what particular misconduct makes these claims fraud or the Defendants the conduct is attached to. *Bly-Magee*, 236 F.3d 1014, 1019. Thus, the facts that the Plaintiff has provided regarding these two fraud claims are insufficient to particularly describe the circumstances that constitute fraud.

6.      **Rule 20**

The Plaintiff has listed over 20 Defendants in the second amended complaint.  These parties, however, are not properly joined under the Federal Rule of Civil Procedure 20.  Through Rule 20(a)(2), Defendants can be joined when: (A) the right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  The same transaction requirement of the first prong refers to the "similarity in the factual background of the claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  There must be a "systematic pattern of events" that the claims arise from for them to "arise from the same transaction or occurrence."  *Id*.  Here, the Plaintiff alleges different legal claims for multiple Defendants, many of which are unrelated to each other.  Sec. Amended Compl. at 5-6.  There are a variety of claims made against the Defendants, ranging from falsified medical records to discrimination and tax fraud, that appear to arise out of separate conduct.  *Id*. at 5.  Plaintiff fails to allege a series of transactions or common questions of law or fact that tie the Defendants together.  Even though Plaintiff brings all claims under 18 U.S.C. 1961, "the mere fact that all Plaintiff['s] claims arise under the same general law does not necessarily establish a common question of law or fact."  *Coughlin,* 130 F.3d at 1351.  The Defendants listed in the complaint are not alleged to be engaging in organized acts against Plaintiff under 18 U.S.C. 1961.  Sec. Amended Compl. at 5.  While the conduct is alleged under the same law, the conduct of Defendants appears to be separate from one another.  *Id*.  The complaint fails to provide any facts that demonstrate the Defendants were engaged in a systematic pattern of events that link them together.  Thus, the second amended complaint fails to properly join the Defendants under Rule 20.

## IV.   CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant another opportunity to amend.  Accordingly, the Court **ORDERS** Plaintiff to file a third

1   amended complaint by October 3, 2024.

2   **A.    REQUIREMENTS FOR AMENDED COMPLAINT**

3          Because an amended complaint replaces the previous complaint, it may not incorporate

4   claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d

5   1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be

6   presented and all of the defendants that are to be sued.  In addition, any amended complaint must

7   include the following sections:

8          **Caption Page**
           On the first page, list the names of the defendant(s), the case number
9          used in this order (24-cv-01280-TSH), the title ("THIRD AMENDED
           COMPLAINT"), and write "Demand for Jury Trial" if you want your
10         case to be heard by a jury.

11         **Form of Pleadings**
           The factual allegations and claims must be written in numbered
12         paragraphs, each limited as far as practicable to a single set of
           circumstances.
13
           **Subject Matter Jurisdiction**
14         The first numbered paragraph in your complaint (labeled
           "Jurisdiction") should explain why this Court has the power to decide
15         this kind of case.  A federal court can hear a case based on a federal
           question jurisdiction (a violation of federal law under 28 U.S.C. §
16         1331) or diversity jurisdiction (when all plaintiffs and all defendants
           are citizens of different states disputing more than $75,000) under 28
17         U.S.C. § 1332.

18         **Parties**
           In separate paragraphs for each party, identify the plaintiff(s) and
19         defendant(s) in the case.

20         **Statement of Facts**
           Explain the important facts in your case in numbered paragraphs,
21         describing how the defendant(s) violated the law and how you have
           been injured.
22
           **Claims**
23         Include a separate heading for each legal claim (Claim 1, Claim 2,
           etc.), identifying the specific law that you think the defendant(s)
24         violated and explaining in numbered paragraphs what each defendant
           did to violate each law.
25

26   **B.    RESOURCES**

27          Plaintiff is again advised of the resources offered at the Legal Help Center, a free service

28   offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may

United States District Court
Northern District of California

10

request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal

Help Center, you will be able to speak with an attorney who may be able to provide basic legal

help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-

se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a*

*Lawyer*, which provides instructions on how to proceed at every stage of your case.  The

handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: September 5, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

11